## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-20585

T-M VACUUM PRODUCTS

Plaintiff - Appellee

v.

TAISC, INC

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-04108

Before JONES, Chief Judge, and HIGGINBOTHAM and HAYNES, Circuit Judges.

PER CURIAM:[*]

TAISC, a financing company, appeals the trial court's summary judgment in favor of T-M Vacuum Products, Inc., a furnace manufacturer. We AFFIRM.

This case arises from a three-party transaction to finance the sale and lease of two commercial furnaces. T-M agreed to deliver two furnaces to Ulba Metallurgical Plant Joint Stock Company (not a party to this case) by a date certain. TAISC functioned as the financing arm by way of a lease transaction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

T-M failed to deliver the furnaces on time. However, Ulba continued to pay TAISC and ultimately entered into an agreement with T-M, to which TAISC was not a party, to extend the time for the furnace delivery. That new date was met. When TAISC refused to pay the remaining amounts due for the furnaces to T-M, T-M filed this lawsuit. The district court granted summary judgment to T-M for the remaining balance on the purchase price of the furnaces and refused TAISC's claim for return of the payments it had already made (termed "conditional payments" in the contract) and interest on those payments. TAISC then filed this appeal.

We review grants of summary judgments de novo. *Minter v. Great Am. Ins. Co. of N.Y.*, 423 F.3d 460, 464 (5th Cir. 2005). Summary judgment is appropriate if, after making all inferences in favor of the non-movant, the record contains no genuine issue of material fact, and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(b); *Minter*, 423 F.3d at 464-65.

TAISC's arguments on appeal can be summed up as follows: (1) T-M defaulted by its late delivery of the furnaces and, therefore, forfeited its right to payment of the purchase price balance; and (2) TAISC is entitled to interest on the conditional payments it made to T-M for the time period between the original delivery date and the actual delivery date. Both parties agree that Texas law applies to our analysis.

It is unnecessary to decide whether T-M's original late delivery constitutes an event of default under the parties' contract, because we conclude that TAISC's continued acceptance of performance under the financing contract prevented TAISC from using the default as an excuse for its own nonperformance. *See Gupta v. E. Idaho Tumor Inst., Inc.,* 140 S.W.3d 747, 756 (Tex. App. -- Houston [14th Dist.] 2004, pet. denied).[1] As the district court

---

[1] While this arrangement was nominally structured as a sale and lease of goods, the district court analyzed it as a financing transaction, and that is indeed the essence of the

correctly explained, T-M's delay did not excuse TAISC's performance because TAISC continued to pay T-M and accept lease payments from Ulba. Texas law is clear that, "[i]f the non-breaching party elects to treat the contract as continuing and insists the party in default continue performance, the previous breach constitutes no excuse for nonperformance on the part of the party not in default and the contract continues in force for the benefit of both parties." *Id.*

Despite its demand letter, TAISC's actions did not treat T-M as being in default after the original failure to timely deliver. T-M's delay in delivery provided TAISC or Ulba with the opportunity to cancel the contracts by their own terms. Both declined to do so, instead treating T-M's obligations to deliver the furnaces as continuing. TAISC continued to make payments to T-M for nearly four months after notifying T-M of its "defaults," T-M manufactured and delivered the furnaces, Ulba accepted them, and Ulba made the lease payments to TAISC. After electing to continue contract performance, TAISC cannot now rely on T-M's initial delay as an excuse for the failure to make full payment. For the same reason, we also agree with the district court's decision regarding interest on the conditional payments. TAISC also has failed to establish that it was damaged by any delay.

Accordingly, the district court's judgment is AFFIRMED.

---

agreement between TAISC, T-M, and Ulba. Thus, like the parties and the district court, we analyze it as such.